HAMPTON A. COURSEN ET AL., DEFENDANTS IN ERROR, v. MARY L. SNELL, ADMINISTRATRIX, &c., PLAINTIFF IN ERROR.

Argued November 29, 1905—Decided June 18, 1906.

Service upon the defendant of a copy of a declaration which contains common counts only, or common counts on which a recovery is sought in addition to any matter or thing mentioned in any special count, will not justify a judgment by default for want of an affidavit of merits, unless there be annexed to the declaration a bill of particulars of the plaintiff's demand, showing the amount for which judgment will be claimed.

On error.

For the plaintiff in error, *Daniel J. Griffin* and *John Griffin.*

For the defendants in error, *Louis G. Morten.*

The court having conferred upon this case and reached a conclusion therein, requested Mr. Justice Dixon to prepare an opinion. The following was prepared and copies distributed by him among the members of the court shortly before his death. It has been approved and adopted as the opinion of the court.

DIXON, J. By the return to the writ of error and to a writ of *certiorari* subsequently issued it appears that, in an action upon contract instituted in the Hudson Circuit Court, a copy of the declaration, consisting only of the common counts, was served with the summons upon the defendant personally, on February 6th, 1904, and that on the copy were endorsed the usual notices requiring the defendant to file an affidavit of merits within ten days and to file a plea or demurrer within twenty days after such service, or in default thereof judgment would be entered against him. The defendant having omitted to file an affidavit of merits, judgment was entered against him on February 17th, 1904, which the Circuit Court afterwards refused to set aside. Thereupon the defendant's administratrix sued out this writ of error to reverse the judgment.

The ground on which the legality of the judgment is assailed is that no bill of particulars of the plaintiff's demand, showing the amount for which judgment would be claimed, was annexed to the declaration, and therefore the service of the copy was unwarranted.

The question thus presented must be decided upon the proper construction of sections 95, 96 and 97 of the Practice act of 1903 (*Pamph. L., p.* 537), which deal with the mode of hastening the recovery of judgment by default, and so are all *in pari materia.*

Ordinarily such a judgment cannot be obtained by the plaintiff until the lapse of fifty days after the return of process. But section 95 enacts that a copy of the plaintiff's declaration may be served on the defendant, either with the process or afterwards, and then judgment may be entered against him in case he fails to plead or demur within twenty

days after such service, provided a notice to that effect be endorsed on the declaration and copy; and *"provided further,* if the declaration contains common counts only, or common counts on which a recovery is sought in addition to any matter or thing mentioned in any special count, there shall be annexed to the declaration a bill of particulars of the demand, showing the amount for which judgment will be claimed."

Section 96 declares merely that when the copy of the declaration is served separately from the process it may be served as a summons may be served.

Under these sections the service of a copy of the declaration may be either personal or not personal. Then comes section 97, which enacts that "if in an action on contract a copy of the declaration is served on the defendant personally, * * * the plaintiff shall be entitled to judgment against the defendant, unless within ten days from the date of such service * * * the defendant * * * shall file * * * an affidavit of merits; * * * *provided,* there shall be endorsed on the declaration and on the copy served, a notice that if the defendant intends to make a defence to the action he shall file an affidavit of merits within ten days from the date of such service and a plea or demurrer within twenty days therefrom, and that in default of filing such affidavit, plea or demurrer judgment will be entered against him."

In reading these three sections it is noticeable that only section 95 expressly authorizes service of a copy of the declaration, its words being "the plaintiff may annex his declaration to the summons or *capias,* * * * and in such case the sheriff, * * * when he serves the process, shall at the same time serve a copy of the declaration on each defendant; * * * or * * * the plaintiff may * * * file his declaration and serve a copy thereof on the defendant."

The words of the other sections more naturally suggest merely a purpose to make some special provision for special conditions arising under the previous authorization—section 96 dealing with cases when the copy of the declaration is served separately from the process, which may be done without personal service, and section 97 dealing only with cases

of personal service. Such a purpose implies, of course, that the service intended by these sections must accord with the provisions of the ninety-fifth section.

An examination of the proviso of section 97 supports this implication. Under that proviso the endorsement on the declaration is intended to notify the defendant of two matters —one, that an affidavit of merits must be filed within ten days; the other, that a plea or demurrer must be filed within twenty days. This latter notice is the same as that prescribed in the ninety-fifth section, and a failure to comply with it will have the same effect as is there indicated. It therefore seems reasonable to conclude that the conditions which are expressly required by section 95 in order to make the notice to plead effective are impliedly required by section 97 to bring about the same result. Under this section the conditions necessary to create a default for want of a plea in twenty days are likewise necessary to create a default for want of an affidavit of merits in ten days. If in one case, then in both cases, a declaration on the common counts must be accompanied by a bill of particulars.

Another consideration points in the same direction. A declaration containing only the common counts gives to the defendant no useful information as to the nature or extent of the demand to be made upon him. Unless, therefore, he can call to mind all his transactions with the plaintiff which could be put in evidence to support such a declaration, he might be unable to make conscientiously the requisite affidavit of merits. It can hardly be believed that the legislature, when it required him to make such an affidavit within so short a period as ten days after his first notice of the suit, intended to curtail the means of information afforded to him in less summary proceedings.

Against these indications of legislative purpose the literal interpretation of section 97 is urged. But the law is not to be gathered from part of a statute severed from its context and without regard to cognate enactments.

Our conclusion is that when the plaintiff relies upon common counts he must annex a bill of particulars to his declara-

tion in order to justify a judgment by default for want of an affidavit of merits.

The present judgment was prematurely entered, and must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL.    14.